```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

EDMOND EARL BRATTON,

               Plaintiff,

vs.                              Case No.  2:10-cv-517-FtM-29DNF

SECRETARY, DOC, R. TOMLINSON, Warden, Charlotte C.I., S. LEKAWA, Sergeant, Charlotte C.I.,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendants' Amended[1] Motion to Dismiss (Doc. #59, Motion). Defendants seek to dismiss Plaintiff's Complaint (Doc. #1, Complaint) on the basis that Plaintiff failed to disclose a prior federal civil rights action that was dismissed pursuant to 28 U.S.C. § 1915(e)(2) on his complaint form; or, in the alternative, that the Amended Complaint fails to state a claim for relief against Defendants the Secretary of the Florida Department of Corrections and Warden Tomlinson. Motion at 6, 11. Additionally, Defendants contend that Plaintiff's

---

[1] After filing his Complaint, a discrepancy between the docketed copy of the Complaint and service copies of the Complaint came to light. In particular, it appears that the executed signature page was missing from Plaintiff's docketed Complaint (Doc. #1). See Defendants' Motion For Leave to Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. #38) and Motion To Amend (Doc. #40). It appears that, during the scanning and docketing of the Complaint, the executed signature page was inadvertently omitted. Consequently, the Court directed the Clerk to correct the deficiency, but required Defendant to file an amended motion because the original motion included the absence of a signature page as a basis for relief. See October 6, 2011 Order (Doc. #55).

claims for monetary damages against each of the Defendants in their individual capacities must be dismissed pursuant to 42 U.S.C. § 1997e(e). Id. at 15. Plaintiff filed a response to Defendants' Motion (Doc. #65, Response). Plaintiff subsequently filed a Motion to Amend his Complaint and attached a proposed amended complaint (Doc. #74). Defendants oppose the filing of the Amended Complaint on the grounds that the proposed amendments are an effort in futility. As more fully set forth *infra*, the Court will grant, in part, Defendants' Amended Motion to Dismiss and will deny Plaintiff's Motion to Amend as moot.

**Dismissal as Sanction**

Defendants seek dismissal of the Complaint as a sanction for Plaintiff's alleged abuse of the judicial process. Motion at 6. In particular, Defendants point out that Plaintiff "knowingly, under the penalties of perjury" failed to accurately respond to Section IV, subsections B and D of the civil rights complaint form.[2] Defendants submit that Plaintiff had previously filed a case in federal court concerning the conditions of his confinement, which had been dismissed as frivolous, malicious or for failure to state a claim. In support Defendants identify Edmond Bratton v.

---

[2]Section IV, subsection B asks whether Plaintiff had ever initiated other lawsuits in federal court . . . or otherwise relating to his imprisonment or conditions thereof, to which Plaintiff checked "no." Plaintiff failed to answer the question in Section IV, subsection D, which asked whether he had filed any federal court claims which were dismissed as frivolous, malicious, or for failure to state a claim. See Complaint at 5-6.

Fulton County Jail, et al., 1:97-cv-02523-WBH (N.D. Ga.), which was filed in the Northern District of Georgia and was dismissed pursuant to 28 U.S.C. § 1915(e)(2) on November 4, 1997 by the Honorable Willis B. Hunt (hereinafter the "Georgia case"). Plaintiff neither denies that he filed the Georgia case nor that he failed to disclose the Georgia case to this Court on his Complaint. Response at 1-2, ¶2. Instead, Plaintiff argues that the Georgia case does "not have anything [to] do with the State of Florida." Id.

The Court may dismiss the case at anytime, if the Court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Further "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)(citations omitted). Additionally, the Court may impose sanctions, including dismissal of an action, "if a party knowingly files a pleading that contains false contentions." Redmond v. Lake County Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011)(citing Fed. R. Civ. P. 11(c)); see also Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)(abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007))(affirming dismissal of action where litigant lied under

penalty of perjury about the existence of other lawsuit as abuse of judicial process, finding that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of judicial process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g).").

The Court is cognizant that the Georgia case was dismissed almost 15 years ago. Plaintiff, however, does not claim that he did not remember the case. Rather, Plaintiff surmises that the Georgia case is not relevant to the instant case and need not be disclosed, despite the instructions on the complaint form. The directions on the complaint form are neither confusing nor ambiguous. The directions do not require a litigant to determine relevance, especially a *pro se* litigant with little legal acumen. Clearly a litigant's lack of candor on the complaint form warrants dismissal of an action. Redmond, 414 F. App'x 225.

Here, Plaintiff provides no basis for this Court to excuse his lack of candor. See generally Response. Plaintiff signed his complaint form "under penalty of perjury." Complaint at 12. By failing to disclose the Georgia case, Plaintiff violated his declaration that the answers provided within the complaint form were "true and correct." Complaint at 12. Indeed, ¶ 3 of the "Instructions for Filing a Civil Rights Complaint By Prisoners Under the Civil Rights Act, 42 U.S.C. § 1983" specifically warn a plaintiff that:

> **SPECIAL NOTE:** Any false statement of material fact may serve as the basis for prosecution and conviction of perjury and may result in your Complaint being dismissed with prejudice.

The Court recognizes that integrity in pleadings are necessary to promote judicial economy. The Court could potentially face "widespread abuse from its many prisoner litigants" if it failed to impose sanctions against a litigant who lacks veracity in his pleading. Johnson v. Crawson, Case Number 5:08-cv-300-RS-EMT, 2010 WL 1380247, *2 (N.D. Fla. 2010). Consequently, the Court finds that an appropriate sanction for Plaintiff's abuse of the judicial process is dismissal, without prejudice. Because the Court is dismissing the entire case as a sanction, the Court need not address Defendants remaining arguments for dismissal.

**Plaintiff's Motion to Amend**

After filing a response to Defendants' Motion to Dismiss, Plaintiff sought permission to amend his Complaint (Doc. #74). Plaintiff seeks to amend his Complaint to clarify the damages he is seeking, and to clarify the facts upon which he attributes liability against Defendant, the Secretary of the Florida Department of Corrections.[3] Because the Court finds that the

---

[3]Plaintiff did not seek to amend his Complaint to cure his lack of candor. Nonetheless, the Court would not have permitted an amendment on this basis. Brown v. Strength, No. CV 107-111, 2008 WL 319440, *2 (S.D. Ga. Feb. 1, 2008)(noting that "allowing Plaintiff to amend his complaint to include [his prior] cases . . . at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about

(continued...)

instant case is subject to dismissal for Plaintiff's abuse of the judicial process, the instant Motion to Amend is moot.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Amended Motion to Dismiss (Doc. #59) is **GRANTED** to the extent that the Court will **dismiss this case without prejudice** as a sanction for Plaintiff's abuse of the judicial process. The Motion is otherwise **DENIED as moot.**

2. The **Clerk** shall enter judgment accordingly; provide Plaintiff with a blank civil rights complaint form with this Opinion and Order for his use should he choose to initiate a new claim; terminate any pending motions, and, close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __16th__ day of July, 2012.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[3](...continued)
prior filing history.")(citing Hood v. Tompkins, No. CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006)(*per curiam*)).

-6-